Gainsborough. Ms. Gordon? Yes, Your Honor. May I proceed? Please, go ahead. Okay. Good morning. May it please the Court, my name is Rita Gordon, I represent Plaintiff Appellant Ames Ray, and I'd like to reserve two minutes for rebuttal. The question is why are we here today? And the answer is that we are here to appeal the dismissal of Plaintiff's fraudulent conveyance claim based solely on the unresolved issue of law concerning New York's, whether a New York savings statute, CPLR 205A, permits a second refiling of a complaint that has not been resolved on the merits, but rather dismissed for a curable defect, and the text of the statute contains no numerical limitation as to the number of refilings. Well, it says a new action. Why isn't that a numerical limitation? It doesn't say. It's silent. It says a new action. You commenced a new action. Okay. It doesn't say you can commence two or three or four or any number. But it doesn't restrict it either. Well, a means a. How can a mean more than one? Because if the legislature had wanted it to apply to only one, it would have said so, expressly said. It did say so. It said a. Well, I disagree. I think that the fact that there is no What do we disagree about? What a means or whether that's, I've read too much into it. Help me understand what I'm missing. All of the cases involve one refiling. There's never been a case that has been on the issue of a second refiling. Sorry? There's never been a case in New York courts on whether the statute permits a second refiling. Which way does that cut? It may be a very good reason why there are no cases. It often happens when you have a gap of that sort that it would be regarded as a preposterous argument. I'm not suggesting that your argument is preposterous. But the reason there's no law on some subjects is because the subject is inconceivable or implausible. Let me ask you, can a litigant, to follow up on Judge Parker's question, you're suggesting that a litigant can refile actions in perpetuity? No, that's not what I'm suggesting. I'm suggesting that he can refile an action only under certain conditions which are clearly imposed by the statute. Namely, the plaintiff has to be a diligent suitor. He has to have filed them in six months. The complaint must have been dismissed for a curable defect and not dismissed on the merits. And it has to be based on the same facts and transactions as the prior complaint. So these are limiting factors that would not open the floodgates to serial litigation. And the point of it all is the underlying policy of the statute, as articulated by Justice Cardozo in Gainesville, New York, over 106 years ago, is that it's a remedial statute to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. And it's narrow. If someone has filed, refiled 20 times, is that a diligent suitor? Meeting still the requirements of the statute, is that what the statute envisions? I think that the legislature, it's up to the legislature to set a limit. Your view, though, there is no limit. So if it's 10 filings, 20 filings, that's what this means? If he satisfies the CPLR on the conditions, yes. It's possible. It's not probable that that would happen. You would need a diligent suitor who would be willing to pursue his claim until he got a judgment on the merits. There aren't very many like that. Very onerous burden. So because this is a case that has not been decided by the New York Court of Appeals, and the district court, Judge Engelmeyer, held that there are no authoritative New York state court decisions prohibiting a second in violence, we request that this court either reverse the district court, the dismissal is time barred, or alternatively certify the issue, which is a case of first impression in New York, to the New York Court of Appeals. And the standards for certification are satisfied here. There's no authoritative state court decision. It's of vital importance to the state because of the remedial policy of New York state for cases to be determined on the merits. Is it of vital importance, though, what are we, and this came up earlier with Judge Kavranis, the idea of what are we to make of the idea of the fact that there aren't cases addressing this? So this is not something where there's an issue that is critical, and it's recurring often, and there are all these cases, and they're going in different directions, and we really need the New York Court of Appeals to weigh in on this. This is not that situation. I agree that there are not a lot of cases on it. In fact, we have identified none. But that doesn't mean that the issue is a dispositive issue, and it involves competing policy concerns between statutes of limitations and this policy that this statute trumps statute of limitations when these conditions are met in order to obtain for the litigant a genuine bite at the apple, which he's never had if he's never had a decision on the merits. I have to stop. Thank you. Thanks very much. We're all struggling with these things. All right. You'll be here in two minutes, and we'll hear from Mr. Byer, who is joining us virtually. In fact, but virtually. Go ahead. Thank you, Your Honor. May it please the Court, Matthew Byer of Louis-Brisbway-Bisgarden-Smith, for the defendant, Kelly Christina Wray. I'd like to start just by thanking the Court for its courtesy and consideration in permitting me to appear remotely this morning. I know it's not ideal, but I appreciate the consideration with regard to the pandemic. Your Honors, as my adversary pointed out, the real crux of this appeal is the lower court's application and interpretation of New York CPLR Section 205A, which is commonly referred to as the savings statute. And the lower court, Judge Engelmeyer, determined that a plaintiff in this case could not file a second action that was revived pursuant to the statute. As the Court is aware, as set forth in the pleadings, this is a plaintiff who, despite protestations that he has not received a day in court, has in fact received several days in court. This Court, the lower court in the Southern District, the Health Division First Department in the State of New York, as well as the trial court in the State of New York, for over a decade now, has tried repeatedly to stay to claim a fraudulent conveyance that simply does not exist. And I submit that that's the purpose of pleading standards in both the federal courts and in the New York State courts, one of the purposes, at least, is to suss out viable claims and separate those from frivolous or otherwise meritless claims that would lead to vexatious litigation because there are no facts supporting them. But before I get into any of the policy considerations that might be at play here, I think it's important to recognize, as the Court already did, Your Honor, in pointing out the use of the word A in the statute. The first step in this process is to look at the statute and the text of the statute to determine if there's any ambiguity at all in the text. And if, by reading the statute in whole, there is no ambiguity as to the meaning or the intent of the legislature, there is no need to go into any further considerations. Appellant's counsel has pointed to laws in other jurisdictions and decisions from states, from other states, and the legislative issue. All of that is irrelevant if there's no ambiguity in the statute. And the lower court, Justice Engelmeyer, certainly found there was no ambiguity in the statute. We've already discussed this morning the use of the word A, a new action, and that is certainly conveying the legislature's intent. But Judge Engelmeyer also, I think, honed in on the use of the term timely commenced in the statute. And I do think that that is a key issue on this appeal because what Appellant is suggesting is that his 2018 action, which was already time guarded, was brought well past the expiration of the statute of limitations for fraudulent conveyance action, was revived already pursuant to CPLR 205A, and that therefore the 2018 action was timely commenced. And Justice Engelmeyer rightly, I think, denied or rejected this argument and focused in on the clause later in the statute that says that a new action can be commenced within six months after the termination of the prior action. And I'm quoting from the statute now. Provided that the new action would have been timely commenced at the time of commencement of the prior action. And to adopt Appellant's interpretation of the statute would render this clause meaningless. If a prior action is timely commenced pursuant to the saving statute, then there's no reason to include that second clause provided that the new action would have been timely commenced. You could delete it entirely and the statute would read as Appellant argues it does. And as the Court is well aware, it's a principle of statutory interpretation and construction that you're supposed to give meaning to all parts of the statute and to interpret it in such a way that renders language superfluous is improper. Mr. Byer, to go back to the question that two of us have asked you already, or your colleague, this question of the New York courts not having dealt with this matter explicitly, do you have an explanation why that's the case? Do you have some understanding of why the New York courts would not have dealt with this yet? My understanding is that the statute is often used, I would say, in situations where there is a technical procedural defect that results in a dismissal of a timely commenced action and then is revived. Even if the initial dismissal is pursuant to Federal Rule 12b-6 or CPLR 3211-87 for failure to state a claim, I think many rational, good faith litigants can state a viable claim if they have one in two or three tries. I think it's rare and it's a situation that you have here where a litigant brings a claim, is told by the trial court, you don't have a claim here, appeals it, the appellate division says you don't have a claim here, brings it again, the trial court again says you don't have a claim, the appellate division again says you don't have a claim, brings it again in Federal court, the Federal judge says you don't have a claim, this court, the Second Circuit, says you don't have a claim. Brings the action again in State court, seeking pre-suit discovery, and the State court judge again says I don't think you have a claim that merits pre-suit discovery, then brings the action anyway. A second Federal judge says you don't have an action and now it's before the Second Circuit again. I think it's rare for a good faith litigant to continue over and over and over again to try and fail to state a claim that he just does not have. What about the suggestion that we certify this case to the New York Court of Appeals? So certification, as the Court is well aware, is not something that's mandatory simply because nobody's been able to identify a New York State case that's clearly on point. This Court is certainly more than equipped to make a determination in New York State law, especially one that will affect litigation in the Federal courts here in New York because obviously the saving statute would apply to the Federal cases as it did in 2018 in this litigation. And the biggest reason I would say that certification is not required is because the answer to the question here is obvious, and to adopt plaintiff's position, I submit, is absurd. And I'm running out of time. I just want to make the point that on that absurdity issue, plaintiffs' or appellate's counsel has argued that, well, there are other jurisdictions that permit perpetual revilings under their saving statutes, and therefore his argument is not absurd. And I don't know that I have time to go through each of the examples cited, but none of the cases or the statutes in other jurisdictions a plaintiff points to would permit the type of behavior that an appellant is engaging with here. And the best example is perhaps New Hampshire, where there is a case cited by appellants where the Court engages in this concern of repeated filings. But the key there is that in a subsequent New Hampshire Supreme Court decision, Janksy v. Minard, the Court recognizes that in New Hampshire, a dismissal for failure to state a claim is a judgment on the merits. And the difference in New York, as played out in 2018, is if a dismissal for failure to state a claim is not going to be considered a judgment on the merits under the statute, then to find that you can use the statute over and over and over again is going to allow a litigant to just bat the complaint back and forth with the Court at each item. They will submit a complaint. The Court will say, this isn't good enough. They'll come back with new facts. They'll say, this isn't good enough. And it'll just go on forever, and there won't be any end. And that's exactly what an appellant is asking for here. I see that I've run well over my time. I think the Court is pretty— No, it's fine. Thank you. I'm a soft presider. Thank you, Your Honor. Sorry. Ms. Gordon, you reserve two minutes. Thank you. First, I'd like to point out that when the appellee says that this litigant, Ames Ray, has had several days in court already and several bites at the apple, that's not true because he does not have one until he receives a judgment on the merits. Secondly, the statute itself, when it says a new action, the plaintiff may commence a new action. The statute most definitely does not say one new action. So that may be some enlightenment on that point. And then the absurd argument that the appellee makes. Plaintiff has attempted to cure the defects identified in the complaint that was dismissed. He's always done that. But in 2018, Judge Daniels identified two very specific defects. And plaintiff's complaint now cures those defects. In fact, that is one of the requirements of 205A, that a curable defect be identified and that it be cured, or at least that the plaintiff attempts to cure it. So it's not frivolous. And if it were frivolous, he would have been sanctioned, and he has never been sanctioned. But that is a tool that the courts can use. If a plaintiff keeps on filing frivolous complaints, then, of course, he should not be allowed to proceed. And, again, there is an important purpose underlying this statute that Cardozo identified, and that is to guarantee to each litigant the right to a hearing in court till he reaches a judgment on the merits. That's an important policy decision in our state. Litigants are supposed to get a decision on the merits. And that's what this whole scheme of the savings statute was intended to remedy. Thanks very much, Mr. Clark. I very much appreciate your argument as well as that of counsel, opposing counsel.